# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## 1:05CV40-MU-02

| | |
|---|---|
| MARTIN A. CRAWFORD,<br>　　Petitioner,<br><br>　　　　v.<br><br>L.M. SOLOMAN, Supt.,<br>　　Respondent. | )<br>)<br>)<br>)　　**ORDER**<br>)<br>)<br>)<br>) |

**THIS MATTER** comes before the Court on the petitioner's "Application to Proceed Without Prepayment Of Fees And Affidavit," filed February 16, 2005; and on the Court's own motion.

Regarding the petitioner's IFP Application, although he represents that he has no funds from which to pay the $5.00 filing fee associated with this action, the certified copy of his inmate trust account statement tells quite a different story. Indeed, such document reflects that the petitioner has a $380.00 balance in his inmate trust account; and that the petitioner routinely makes deposits into his account. Consequently, it goes without saying that the petitioner's IFP Application will be denied.

As to the other matter, the Court's records show that on March 21, 2005, the respondent filed a Motion for Summary Judgment in this matter. A review of that Motion reflects that

the respondent may be entitled to a judgment as a matter of law.

**PETITIONER CRAWFORD, PLEASE READ THIS:**

The petitioner is advised that under the provisions of Rule 56(e) of the Federal Rules of Civil Procedure, he is required to submit documents, affidavits, or unsworn declarations made under penalty of perjury, in opposition to the Motion for Summary Judgment and supporting documents filed by the respondent. Rule 56(e) reads in pertinent part as follows:

> When a motion for summary judgment is made and supported [by affidavits], an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided by this rule, must set forth specific facts showing that there is genuine issue for trial. If he does not respond, summary judgment, if appropriate, shall be entered against him.

This rule requires that if the petitioner has any evidence to offer to counter the evidence contained in the Motion for Summary Judgment and supporting documents filed by the respondent, he must present it to the Court in the form of documents, affidavits, or unsworn declarations under penalty of perjury. An affidavit is a written statement made under oath; that is, a statement prepared in writing by the declarant and sworn before a Notary Public. If the petitioner chooses, he may instead submit an unsworn declaration and state the following with the date and his signature:

> "I declare under penalty of perjury that the foregoing is true and correct."

The petitioner is further hereby advised that he has thirty (30) days from the filing of this Order in which to file such documents, affidavits, or unsworn declarations in opposition to the respondent's Motion for Summary Judgment. **NOW, IT IS, THEREFORE, ORDERED:**

1. That the petitioner's IFP Application is **DENIED**;

2. That within thirty (30) days of the date of this Order, the petitioner must remit his $5.00 filing fee; and

3. That the petitioner also has thirty (30) days from the filing of this Order in which to provide his own documents, affidavits, or declarations countering the evidence offered by the respondent's Motion for Summary Judgment. **FAILURE TO RESPOND AS DIRECTED WITHIN THE SPECIFIED TIME PERIOD MAY SUBJECT THIS ACTION TO SUMMARY JUDGMENT.**

**SO ORDERED**, this the 28th day of April, 2005.

**GRAHAM C. MULLEN**
**Chief U.S. District Judge**