# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:05CV40-02-MU

| | | |
|---|---|---|
| **MARTIN A. CRAWFORD,** ) | | |
|     Petitioner, ) | | |
| ) | | |
|     v. ) | | **ORDER** |
| ) | | |
| **L. M. SOLOMAN, Supt.,** ) | | |
|     Respondent. ) | | |
| _____) | | |

**THIS MATTER** comes before the Court on the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. §2254, filed February 16, 2005; and on the respondent's Motion for Summary Judgment, filed March 21, 2005. After careful consideration, for the reasons stated herein, and for the further reasons stated in the respondent's Supporting Brief, the respondent's Motion for Summary Judgment will be <u>granted</u>; and the petitioner's Petition will be <u>denied</u> and <u>dismissed</u>.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The record of this matter reflects that on September 27, 2002, a jury convicted the petitioner of the Second-Degree murder of his wife. Following that conviction, the Superior Court of McDowell County sentenced the petitioner to a term of 157 to 198 months imprisonment.

Next, on March 2, 2004, the North Carolina Court of Appeals issued a published opinion finding no error in the petitioner's

conviction and sentence.  Thereafter, on August 12, 2004, the Supreme Court of North Carolina denied the petitioner's Petition for Discretionary Review.  See North Carolina v. Crawford, 163 N.C.App. 122, disc. rev. denied, 358 N.C. 734 (2004).

At the conclusion of his pursuit of direct review, the petitioner sought collateral review by filing a Motion for Appropriate Relief in the Superior Court of McDowell County.  Once again, however, the petitioner was unsuccessful as the Superior Court denied his MAR on October 13, 2004.  Last, the petitioner's Petition for a Writ of Certiorari was denied by the State Court of Appeals on December 22, 2004.

Accordingly, on February 16, 2005, the petitioner filed the instant Petition for a Writ of Habeas Corpus.  By his Petition, the petitioner asserts that the trial court violated his rights by refusing to allow him to testify concerning his deceased wife's violent past, by overruling the parties' requests that the jury not be allowed to take notes during closing arguments, and by refusing to grant trial counsel's motion for a change of venue.  The petitioner further asserts that his rights were violated by virtue of the prosecutor's comment concerning the expertise of one of his witnesses; and that his trial attorney's failure to have the voir dire process recorded violated his rights and prejudiced his chance of a successful appeal.

On March 21, 2005, the respondent filed his combined Answer and Motion for Summary Judgment.  By that document, the respondent

contends that the petitioner has failed to demonstrate an entitlement to relief on any of his claims.

More particularly, the respondent argues, inter alia, that the petitioner's challenge to the trial court's evidentiary ruling does not raise a constitutional claim for relief; that certain of the petitioner's claims, including his challenge to the prosecutor's comment, are procedurally barred for his failure to have raised those matters in federal constitutional terms in his State court proceedings; that there is no U.S. Supreme Court precedent or statute which forbids a jury from taking notes during the closing arguments phase of a trial; and that the State Court's adjudication of the petitioner's claims regarding the recording of the voir dire proceedings and his request for a change of venue reveal that such claims are lacking in merit.

Thereafter, presumably in response to the respondent's Answer and Motion for Summary Judgment, on March 21, 2005, the petitioner filed his own Affidavit in this matter. Unfortunately, however, by that Affidavit, the petitioner merely reiterated two of his earlier allegations. That is, the petitioner restated his claims that the trial court erred in refusing to admit testimony that the decedent (his wife) had shot her first wife; and that the jury was tainted by the prosecutor's objection that petitioner's expert witness was unqualified to testify that the size of the petitioner's fingers could have caused him to shoot his wife by accident. On the other hand, the petitioner did not even attempt to address the

respondent's assertions that several of his claims--including his challenge to the prosecutor's objection--are procedurally barred; or his assertion that the petitioner's other allegations do not, in any event, state a constitutional claim for relief.

Accordingly, after reviewing all of those matters the Court thought it prudent to enter an Order pursuant to <u>Roseboro v. Garrison</u>, 528 F.2d 309 (4th Cir. 1975), fully explaining the petitioner's obligation to respond to the respondent's Motion for Summary Judgment. The Court entered that Order on May 4, 2005, thereby making the petitioner's response due no later than June 3, 2005.

Nevertheless, no such additional response was filed by the petitioner. Rather, after waiting several months on September 26, 2005, the petitioner filed a Request for the appointment of counsel or, presumably in the alternative, for a federal investigation to probe the matter of some allegedly false testimony by two witnesses. Critically, such Request did not seek an extension of time in which to respond to the petitioner's Motion for Summary Judgment. In any event, by an Order entered October 11, 2005, this Court denied the petitioner's Requests.

Next, rather than seeking an extension of time or simply complying with the Court's <u>Roseboro</u> Order, on October 20, 2005, the petitioner appealed this Court's denial of his Requests for Counsel or an Investigation to the Fourth Circuit Court of Appeals. Not surprisingly, however, on April 25, 2006, the appellate Court

denied the petitioner a certificate of appealability and dismissed his appeal as interlocutory. The appellate Court's mandate was entered on May 17, 2006.

The Court has now reviewed the record of this case and determined that nearly a full year has passed since the expiration of the deadline by which the petitioner was required to respond to the Court's <u>Roseboro</u> Order. Accordingly, the Court finds that this matter is fully ripe for disposition. More critically, after carefully reviewing the record of this case, the undersigned finds that the respondent's Motion for Summary Judgment should be <u>granted</u>.

## II. **<u>ANALYSIS</u>**

Pursuant to Federal Rule of Civil Procedure 56(c), a court may grant summary judgment when the pleadings and other relevant documents reveal that "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." <u>See, e.g.</u>, <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 252 (1986); <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 587 (1986); <u>Miller v. Leathers</u>, 913 F.2d 1085, 1087 (4th Cir. 1990) (en banc), <u>cert. denied</u>, 498 U.S. 1109 (1991).

A genuine issue exists only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson</u>, 477 U.S. at 248. However, the party opposing summary judgment may not rest upon mere allegations or denials and, in any

event, a "mere scintilla of evidence" is insufficient to overcome summary judgment." Id. at 249-50.

> **A. The petitioner has failed to overcome or even to address the respondent's contention that several of his claims are procedurally barred due to his failure to have raised those matters in federal constitutional terms during his State court proceedings**.

In the instant case, the petitioner has raised claims that the trial court's failure to allow testimony about the victim's prior assault of her ex-husband violated his rights; that the prosecutor's comment concerning his expert witness' qualifications tainted his jury; and that the trial court erred in refusing both parties' requests that the jury be precluded from taking notes during closing arguments. In response, the respondent argues, inter alia, that these claims are procedurally barred from this Court's review due to the petitioner's failure to have raised them in federal constitutional terms during his State court proceedings.

For his part, the petitioner has failed to rejoin that argument. Moreover, this Court's review of the State court record reflects that the respondent is correct in his assertion that these claims were raised overwhelmingly, if not exclusively, as State law violations in the State proceedings. Indeed, therefore, the State court's denial of such claims was on State law grounds.

It is well settled that federal courts ordinarily will not review a claim that is procedurally defaulted. See Fisher v. Angelone, 163 F.3d 835, 844 (4th Cir. 1998). Pertinent to this

case, a claim is procedurally defaulted if the petitioner has failed to present that claim in federal constitutional terms to the appropriate State court(s).  See Gray v. Netherland, 518 U.S. 152, 161 (1996).  While a petitioner is not required to have cited "book and verse on the federal constitution" during such State proceedings, his federal challenge still must have been presented face-up and squarely in State court.  Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).

More particularly, an allegation that certain acts violated state law does not exhaust a claim that the same acts violated due process or another federal provision.  Baker v. Corcoran, 220 F.3d 276, 289 (4th Cir. 2000).  Nor will "oblique references" which hint that a federal constitutional violation may be "lurking in the wood work" suffice as a fair presentation of a federal claim.  Evatt, at 911.

With this law in mind, then, it is clear to this Court that the petitioner has defaulted these three claims because he did not raise them as federal claims during his State court proceedings.  In addition, the petitioner has failed to articulate a basis for this Court to overlook that procedural default so that the Court can now reach these claims.  Furthermore, the undersigned finds, based upon relevant State law precedent, the petitioner now would be procedurally barred from returning to State court for the purpose of raising his claims in federal terms since he could have, but did not, raise them in federal terms at his first opportunity

to have done so.  See N.C.G.S. §15A-1419(a)(3) and (b) (noting mandatory procedural bar which provides that a claim will be summarily denied when a defendant was in an adequate position to have raised it on direct appeal, but did not do so).

Ultimately, therefore, the Court concludes that the petitioner cannot obtain any relief on these claims due to his procedural default of them.  Out of an abundance of caution, however, this Court also finds that even if it somehow could be concluded that the petitioner raised these three claims in federal constitutional terms--on the basis of his reliance upon a single federal citation for one claim and his passing reference to the trial court's having violated his "state and federal constitutional rights . . . " on another, the petitioner still cannot prevail.  See Chambers v. McCaughtry, 264 F.3d 732, 738 (7th Cir. 2001) ("a mere 'passing reference' to a constitutional issue certainly does not suffice."), cert. denied, 534 U.S. 1165 (2002); and Adelson v. DiPaola, 131 F.3d 259, 263-64 (1st Cir. 1997) (incantation of constitutional buzzwords unaccompanied by any federal constitutional analysis not sufficient to fairly present federal claim to state court).

That is, the petitioner has failed to show that the State court's implied rejection of such federal claims was contrary to, or involved an unreasonable application of, clearly established U.S. Supreme Court precedent. Therefore, not withstanding any concerns about procedural default, these claims cannot be granted in any case.  See Williams v. Taylor, 529 U.S. 362, 411 (2000)

(establishing such limited scope of review for habeas claims in federal court).

> **B. The petitioner has failed to demonstrate that the State court's adjudication of his claim concerning how the voir dire was conducted resulted in a decision which is contrary to, or involves an unreasonable application of, clearly established federal law from the U.S. Supreme Court.**

Concerning his last two claims, the petitioner argues essentially that defense counsel was ineffective for having failed to ensure that the voir dire proceedings were recorded, and he argues that the trial court violated his right to a fair trial by its denial of his motion for a change of venue, which motion was based upon his belief that he could obtain an impartial jury in the County where his trial was scheduled to take place.

The facts underlying these claims are that prior to trial, trial counsel made a motion for a change of venue on the ground that the decedent and her family were long-time residents of the area; their family had extensive ties within that community and the County; that potential family and non-family member witnesses at trial were visible figures within the community; and there had been inaccurate, inflammatory media reports of the case, which counsel believed already had been publicized within the community. However, once the parties assembled to begin jury selection, the court denied the petitioner's motion. As a result of that denial, the petitioner's trial was held in the County where the offense had

been committed. Neither those proceedings nor the Court's adjudication of the subject motion were recorded.

On appeal, the petitioner argued that trial counsel should have ensured that the voir dire proceedings were recorded, to ensure appellate success on his challenge to the denial of his motion to change venue. However, such circular argument was flatly rejected by the State appellate court. In particular, the State appellate court concluded that the petitioner could not prevail with his challenges to either the denial of his motion or his claim of ineffectiveness because he failed to show any resulting prejudice, i.e., that he, in fact, was unable to select an impartial jury. See Crawford, 163 N.C.App. at 127-29.

Indeed, the State appellate court noted that jury selection was completed on the first day of trial, before the lunch recess; that mere pre-trial publicity, standing alone, does not create a reasonable likelihood that a defendant will be unable to select an impartial jury; and, that a review of the subject publications which the petitioner submitted showed that they accurately reflected the facts of that case. Id. Inasmuch as the petitioner has failed to demonstrate that the State appellate Court's decision about these matters is subject to reversal by this Court, the instant Petition for habeas corpus relief must be denied in its entirety.

### III. **CONCLUSION**

The defendant has established that there are no genuine issues

of material fact left to be resolved, and that he is entitled to a judgment as a matter of law.  Therefore, the respondent's Motion for Summary Judgment must be granted.

### IV.  ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1.  That the respondent's Motion for Summary Judgment is **GRANTED;** and

2.  That the petitioner's Petition for a Writ of Habeas Corpus is **DENIED** and **DISMISSED.**

**SO ORDERED.**

Signed: May 22, 2006

Graham C. Mullen
United States District Judge